UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ATLANTIC CASUALTY INSURANCE COMPANY,

      Plaintiff,                                    CASE NO.:

vs.

GREGORY JONES, an individual, and
SUN AND FUN DAYS, INC.,

      Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, ("ACIC"), through its undersigned counsel, sues Defendants, GREGORY JONES, an individual, and SUN AND FUN DAYS, INC., for declaratory relief and alleges as follows:

### Nature of Suit

1. This is an action for declaratory relief to declare the rights and obligations of parties under a policy of liability insurance. ACIC seeks a declaration that no coverage is afforded under its garage liability policy for any damages which have been alleged by Defendant, GREGORY JONES ("JONES"), against Defendant, SUN AND FUN DAYS, INC., ("SUN AND FUN"), in the underlying *Jones* action and that ACIC has no duty to defend or indemnify SUN AND FUN in that action.

2. JONES was injured in the course and scope of his employment while working for ACIC's insured, SUN AND FUN.

96170\326632253.v1

3. The Policy excludes coverage for any injury suffered by an employee or contractor of an insured. Because the claims which have been alleged in the *Jones* action are plainly excluded from coverage, ACIC has no duty to defend or indemnify SUN AND FUN in that action.

4. This declaratory judgment is sought to resolve an actual controversy between the parties regarding insurance coverage which is afforded under ACIC's policy.

## Jurisdiction and Venue

5. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the underlying lawsuit against the Insured is pending in this district.

7. The underlying lawsuit is a suit for damages resulting from injuries suffered by Defendant, JONES, who suffered a traumatic injury to his right hand resulting in the amputation of his right index finger while he was working for SUN AND FUN.

8. The policy of insurance which is the subject of this lawsuit affords coverage subject to a limit of $1,000,000. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees

9. All conditions precedent to the filing of this action have occurred or have been complied with.

## Parties

10. Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina

11. At all times material to this action, Defendant, GREGORY JONES, was a citizen of Florida and sui juris.

12. At all times material to this action, Defendant, SUN AND FUN, was and is a Florida corporation with its principal place of business in Lake Worth, Florida.

13. JONES is being named in this coverage action solely as an interested party. ACIC seeks no affirmative relief from JONES other than to bind him to any judgment which may be entered in this coverage action.

### Underlying *Jones* Action

14. On December 17, 2024, JONES was lawfully on the premises known as Prime Golf Cars, which were managed and operated by the Defendant, SUN AND FUN.

15. At all relevant times, JONES was an employee of SUN AND FUN who was at all times acting within the course and scope of his duties as an employee of SUN AND FUN.

16. On December 17, 2024, while in the course and scope of his employment with SUN AND FUN, JONES was injured when he was maneuvering a golf cart vehicle across a lot for servicing with the assistance of another employee, when JONES' right hand became trapped between two vehicles, resulting in the traumatic injury to his right hand.

17. JONES sought Workers' Compensation benefits for the subject incident from SUN AND FUN's Workers' Compensation insurer.

18. On March 5, 2025, JONES filed a lawsuit styled *Gregory Jones v. Sun and Fun Days, Inc., et al,* Case # 50-2025-CA-002081, which is presently pending in the Circuit Court in and for Palm Beach County, Florida ("*Jones* action"). A copy of the Complaint from the *Jones* action is attached hereto as **Exhibit "A"** and is incorporated herein.

19. The *Jones* Complaint seeks damages against SUN AND FUN resulting from SUN AND FUN's alleged failure to provide a safe working environment for JONES.

20. ACIC has agreed to provide SUN AND FUN with a defense in the *Jones* action subject to a complete reservation of rights.

### ACIC's Policy

21. ACIC issued a Garage and Auto Dealers policy number 2640000074-3 to SUN AND FUN as the named insured, which was in effect from June 28, 2024 to June 28, 2025 ("Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit "B."**

22. The subject Policy affords coverage for "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos," in relevant part, as follows:

> **SECTION I – COVERED AUTOS COVERAGES**
>
> \*\*\*
>
> **D.  Covered Autos Liability Coverage**
>
> **1.  Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". . .

23. The subject Policy also affords coverage for "bodily injury" caused by an "occurrence" and promises to defend the insured with regards to covered claims, in relevant part, as follows:

> **SECTION II – GENERAL LIABILITY COVERAGES**
>
> **A. Bodily Injury And Property Damage Liability**
>
> **1.  Coverage**
>
> **a.** We will pay those sums that the "insured" becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident", and resulting from your "garage operations".

> We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

24. The Policy contains the following exclusion for injury to employees or contractors or employees of contractors:

> **EXCLUSION — INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**
>
> THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:
>
> AUTO DEALERS COVERAGE FORM
> GARAGE COVERAGE FORM
>
> **SECTION I — COVERED AUTOS COVERAGES**, D. Covered Autos Liability Coverage, 4. Exclusions, d. Employee Indemnification and Employer's Liability and **SECTION II — GENERAL LIABILITY COVERAGES**, A. Bodily Injury and Property Damage Liability, 2. Exclusions, d. Employee Indemnification and Employer's Liability is deleted and replaced by the following:
>
> This insurance does not apply to:
>
> (1) "bodily injury" to any "employee" of any insured arising out of or in the course of:
>     (a) Employment by any insured; or
>     (b) Performing duties related to the conduct of any insured's business;
>
> (2) "bodily injury" to any "contractor" for which any insured may become liable in any capacity; or
>
> (3) "bodily injury" sustained by any spouse; child, parent, brother or sister of any "employee" of any insured, or of a "contractor", as a consequence of any injury to any person as set forth in paragraphs (1) and (2) of this endorsement
>
> This exclusion applies to all claims and "suits" by any person or organization for damages because of "bodily injury" to which this exclusion applies including damages for care and loss of services.
>
> This exclusion applies to any obligation of any insured to indemnify or contribute with another because of damages arising out of "bodily injury" to which this exclusion applies, including any obligation assumed by an insured under any contract.
>
> With respect to this endorsement only, the definition of "Employee" in the **SECTION V - DEFINITIONS** is replaced by the following:

5

96170\326632253.v1

"Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.

As used in this endorsement, "contractor" shall include, but is not limited to, any independent contractor or subcontractor of any insured, and any and all persons working for and or providing services and or materials of any kind for these persons or entities mentioned herein.

A copy of the Endorsement is separately attached hereto as **Exhibit "C."**

25. The Policy also contains an Endorsement titled INSURING AGREEMENT AMENDMENT SUPPLEMENT – USE OF EXTRINSIC EVIDENCE (Form AGP-042 04-22), which qualified ACIC's duties and obligations with regards to the duty to defend as follows:

**INSURING AGREEMENT SUPPLEMENT – USE OF EXTRINSIC EVIDENCE**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

> AUTO DEALERS COVERAGE FORM
> GARAGE COVERAGE FORM

The following language is added to **SECTION I - COVERED AUTO COVERAGE part D. Covered Autos Liability Coverage 1. Coverage and to part E. Garagekeepers Coverage 1(b); SECTION II – GENERAL LIABILITY COVERAGES A. Bodily Injury and Property Damage Liability 1. Coverage (a) and B. Personal and Advertising Injury Liability 1. Coverage; and SECTION III – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGE A. Coverage.**

We may look to extrinsic evidence outside of the allegations of any suit and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a suit seeking "loss", "bodily injury", "property damage" "personal and advertising injury" or damages because of "act, error or omission".

## COUNT I – DECLARATORY JUDGMENT AS TO DUTY TO DEFEND AND INDEMNIFY SUN AND FUN IN THE *Jones* ACTION

26. ACIC incorporates and restates the allegations stated in paragraphs 1-25 as though the same were fully set forth herein.

27. At all relevant times JONES was employed by SUN AND FUN.

28. In the *Jones* action, JONES seeks damages against SUN AND FUN arising from injuries sustained in the course and scope of his employment for SUN AND FUN.

29. It is the position of ACIC that no coverage is afforded for any claims which have been alleged in the *Jones* action against SUN AND FUN because coverage for such claims is expressly excluded under one or more Policy exclusions.

30. Accordingly, it is the position of ACIC that it has no duty to defend or indemnify SUN AND FUN in the *Jones* action.

31. ACIC is in doubt as to its rights, duties and obligations with regard to the subject Policy of insurance.

32. An actual, present and justiciable controversy exists between ACIC and its insured, SUN AND FUN, warranting the entry of declaratory judgment by this Court.

33. Defendant, JONES has been named in this action only insofar as he may have an interest in the outcome of this coverage dispute.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, requests that this Court enter judgment in its favor and against Defendants declaring that:

A. The subject ACIC Policy does not afford coverage for SUN AND FUN DAYS, INC., for any damages claimed against it by JONES in the underlying *Jones* action;

B. ACIC has no duty to defend or indemnify SUN AND FUN DAYS, INC., with respect to any claims alleged against it in the underlying *Jones* action.

Plaintiff further requests that the Court grant such other relief which the Court deems appropriate and just.

Dated: November 5, 2025

8

**HINSHAW & CULBERTSON, LLP**

By: /s/ Stephanie H. Carlton
Gary Khutorsky, Esq. (FBN 814271)
gkhutorsky@hinshawlaw.com
Stephanie H. Carlton, Esq. (FBN 123763)
scarlton@hinshawlaw.com
201 East Las Olas Blvd., Suite 1450
Ft. Lauderdale, FL 33301
Tel: 954-467-7900
Fax: 954-467-1024
*Attorneys for Plaintiff,*
*Atlantic Casualty Insurance Company*